# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON


**ANNE E. CRIST,**

               **Plaintiff,**

-vs-                                         **Case No.  3-:04-CV-010**

**LIBERTY LIFE ASSURANCE COMPANY**
**OF BOSTON, et al.,**

                                                **Judge Thomas M. Rose**

               **Defendants.**

---

### ENTRY AND ORDER GRANTING IHS AND THE PLAN'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Doc. #18); GRANTING DEFENDANTS' MOTION IN LIMINE (Doc. #19) AND SETTING A SCHEDULING CONFERENCE

---

This cause arises from the disability of Plaintiff Anne E. Crist ("Crist"). Crist was employed by Defendant Information Handling Services, Inc. ("IHS") for approximately twenty-three (23) years. During the time Crist worked for IHS, she was a participant in the Defendant IHS Group Health, Life and Disability Plans for All Employees (the "Plan"). During the relevant time, IHS purchased a Group Long Term Disability Plan (the "Policy") from Defendant Liberty Life Assurance Company of Boston ("Liberty Life") and allowed Liberty Life to administer the Policy.

Sometime prior to January 21, 2001, Crist became disabled and was granted short-term disability leave by the Plan. When her short-term disability benefits expired, Crist was granted long-term disability benefits by the Plan. After two years, Crist's long-term disability benefits were terminated on the basis that she was able to perform work in other jobs at IHS within her

training and experience. Crist's appeal of this denial of continued benefits by the Plan was denied. Crist subsequently filed the Complaint in this matter.

Following the filing of Crist's Complaint, Liberty Life sought partial judgment on the pleadings. Liberty Life argued that Crist is preempted by the ERISA statutes from making a jury demand, requesting punitive damages, making a breach of contract claim, making a promissory estoppel claim and making a declaratory judgment claim. (Doc. #2.) Liberty Life's Motion was brought prior to when IHS and the Plan were added as Defendants.

Liberty Life's Motion for Partial Judgment On the Pleadings was granted. (Doc. #8.) The Court first determined that Policy is an ERISA-governed plan. The Court then held that Count III of Crist's Complaint against Liberty Life for breach of contract and Count IV of Crist's Complaint against Liberty Life for promissory estoppel are preempted by ERISA. These two Counts against Liberty Life were, therefore, dismissed. Also, since Crist sought punitive damages on Counts III and IV against Liberty Life, her punitive damage claim was dismissed. The Court also held that Count V of Crist's Complaint for declaratory relief alone is not adjudicable and it was dismissed. Finally, the Court held that Crist is not entitled to a jury trial on an ERISA claim.

**IHS AND THE PLAN'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Now, Defendants IHS and the Plan have become a part of the suit and have moved for partial judgment on the pleadings (Doc. #18) for essentially the same reasons as did Liberty Life. This Motion is unopposed.

The only new issue raised by IHS and the Plan's Motion for Partial Judgment On the Pleadings is whether Count II of Crist's Complaint, which is against only them, is preempted by

Crist's ERISA claim. Count II of Crist's Complaint is against IHS and the Plan for breach of contract.

ERISA preempts state law claims that relate to any employee benefit plan governed by ERISA. *Hardy v. Midland Enterprises, Inc.*, 66 Fed.Appx. 535, 539, 2003 WL 2007940 (6th Cir. 2003). "Relate to" is given broad meaning "such that a state law cause of action is preempted if it has any connection or reference to an employee benefit plan. *Id.* (citing *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir. 1991), *cert. dismissed*, 505 U.S. 1233 (1992)). Applying this standard, punitive damages, promissory estoppel and breach of contract claims are state law remedies governed by ERISA where each of these claims relates to an ERISA-governed plan. *Id.*

In this case, Count I of Crist's Complaint is an ERISA claim that she was wrongfully denied benefits under the Policy. Count II of her Complaint is a state-law breach of contract claim against IHS and the Plan for denial of benefits that relates to Crist's ERISA claim. Therefore, Count II of her Complaint is preempted by ERISA and must be dismissed.

Count III of Crist's Complaint is against Liberty Life and not against IHS or the Plan. Count III has previously been dismissed.

Count IV of Crist's Complaint alleges promissory estoppel and, as previously determined, relates to Crist's ERISA claim. Count IV against Liberty Life has previously been dismissed. Count IV against IHS and the Plan also relates to Crist's ERISA claim and must now be dismissed.

Count V of Crist's Complaint is for declaratory judgment. Count V against Liberty Life has previously been dismissed. Count V against IHS and the Plan must now be dismissed

because, to the extent it is a state-law claim, it is preempted and, to the extent that it is a federal

ERISA claim, it is subsumed by Count I of Crist's Complaint.

Since Counts II and IV against IHS and the Plan have been dismissed, Crist's claim for

punitive damages on Counts II and IV against IHS and the Plan must also be dismissed. Also, the

Court has found that Crist is not entitled to a trial by jury with regard to her ERISA claim against

Liberty Life. For the same reasoning, Crist is not entitled to a trial by jury with regard to her

ERISA claim against IHS and the Plan.

This Entry and Order together with this Court's prior Entry and Order (Doc. #8) have

dismissed Counts II through V of Crist's Complaint against Liberty Life, IHS and the Plan

(collectively the "Defendants'"). Crist's claim for punitive damages against all Defendants has

also been dismissed and the Court has determined that Crist is not entitled to a jury trial on her

remaining claim. Therefore, Count I of Crist's Complaint, which is an ERISA claim, remains to

be adjudicated.

## DEFENDANTS' MOTION IN LIMINE

Also now before the Court is the Defendants' Motion In Limine for an Order To Prevent

Discovery Outside of the Claim File. (Doc. #19.) This Motion is fully briefed and now ripe for

decision.

The Defendants seek to prevent Crist from conduction discovery outside of the claim file.

Crist responds that she is entitled to further discovery to address allegations of bias.

Generally, courts review ERISA claims solely upon the administrative record. *Wilkins v.*

*Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). However, the court may

consider evidence outside the administrative record "only if that evidence is offered in support of

a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id.*

In this case, Crist alleges that "defendant Liberty has a reputation in the disability insurance industry of denying long-term disability claims, especially those claims resulting from fibromyalgia, for economic purposes only." (Compl. ¶22.) However, this is merely an allegation and is not a procedural challenge to Liberty Life's decision regarding Crist's claim. Crist makes no procedural due process claim. Therefore, Crist is not entitled to discovery outside of the claim file.

## SUMMARY

IHS and the Plan's Motion for Partial Judgment On the Pleadings is GRANTED. Counts II, IV and V against IHS and the Plan relate to Crist's ERISA claim and are, therefore, dismissed. Also, as a result, Crist's claim for punitive damages against IHS and the Plan is dismissed. In addition, Crist is not entitled to a trial by jury with regard to her ERISA claim against IHS and the Plan.

The Defendants' Motion In Limine to prevent discovery outside of the claim file is also GRANTED. Crist has not made a procedural due process claim that would allow additional discovery outside the claim file.

Count I of Crist's Complaint, which is an ERISA claim, remains to be adjudicated in accordance with the procedure set forth in *Wilkins.* 150 F.3d at 619. The Court has set a telephone scheduling conference for 9:00 a.m. on September 1, 2005 at which time a briefing schedule for judgment on the administrative record of Crist's ERISA claim will be established.

**DONE** and **ORDERED** in Dayton, Ohio, this Fifteenth day of August, 2005.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record